```
 1  JOSEPH P. RUSSONIELLO  (CSBN 44332)
    United States Attorney
 2  CYNTHIA STIER (DCBN 423256)
    Assistant United States Attorney
 3   9th Floor Federal Building
     450 Golden Gate Avenue, Box 36055
 4  San Francisco, California 94102
      Telephone: (415) 436-7000
 5
    Attorneys for United States of America
 6
 7
 8            IN THE UNITED STATES DISTRICT COURT FOR THE
 9                 NORTHERN DISTRICT OF CALIFORNIA
10                      SAN FRANCISCO DIVISION
```

| | |
|---|---|
| DINO PUMA and JENNIFER PUMA, ) | No. C-08-80038-VRW |
| PETITIONERS, ) | |
| ) | NOTICE OF HEARING ON MOTION |
| ) | TO ENFORCE SUMMONSES AND |
| ) | MOTION TO ENFORCE SUMMONSES |
| ) | AND OPPOSITION TO PETITION TO |
| ) | QUASH SUMMONSES |
| UNITED STATES OF AMERICA, ) | |
| INTERNAL REVENUE SERVICE, ) | |
| and MATTHEW P. BENNETT, ) | |
| ) | |
| ) | DATE: September 18, 2008 |
| RESPONDENTS. ) | TIME: 2:30 p.m. |
| ) | PLACE: Courtroom 6, 17th Floor |

PLEASE TAKE NOTICE that on September 18, 2008, at 2:30 p.m., before the Honorable Vaughn R. Walker, United States District Judge, United States District Court, 17th Floor, Courtroom 6, 450 Golden Gate Street, San Francisco, California, the United States of America, by counsel, will and does move the Court to deny the petition to quash, and for summary enforcement of the summonses. In support of its motion the United States submits the following memorandum.

//

//

**PRELIMINARY STATEMENT**

Dino Puma and Jennifer Puma ("Petitioners") move to quash IRS summonses issued to Umpqua Bank; U.S. Bank; Washington Mutual Bank; and Bank of America, seeking Petitioners' bank statements. Petitioners have not filed federal income tax returns for the 2004, 2005, and 2006 tax years. See Jeffrey Bennett Declaration Page 1, Paragraph 2; Declaration of Jeffrey Bennett is submitted herewith as Exhibit A..

The summonses were issued by Revenue Officer Bennett to locate loan applications, agreements and related records, (including corporate financial statements), submitted or entered into by Petitioners for the taxable years 2004, 2005, and 2006; the purpose of which was to determine the federal tax liabilities of Petitioners. See Bennett Declaration Page 1, Paragraph 2.

**DISCUSSION**

**I**

**IRS SUMMONSES NEED NOT TO BE VERIFIED BY A WRITTEN DECLARATION**

Petitioners argue that the summonses were not verified by a written declaration as required by 26 U.S.C. § 6065. See Petitioners Petition at Page 3, Paragraph 12. The aforementioned statute reads:

> "Except as otherwise provided by the Secretary, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury."

This argument is incorrect. First, with respect to the alleged summonses, the government is attempting to locate bank statements and other financial information for the purpose of ascertaining the federal income tax liabilities of Petitioners for the tax years 2004, 2005, and 2006, years which they did not file federal income tax returns. Summonses are not documents required to be made under the Internal Revenue Code and therefore 26 U.S.C. § 6065 is inapplicable. **Cermack v. United States**, 116 F.3d 1482 (7th Cir. 1997).

//

**Puma v. United States, et al.,**
Case No. C-08-80038-VRW
Notice of Hearing and US Motion
to Enforce Summonses                 2

## II

### THE IRS SUMMONSES ARE IN COMPLIANCE WITH THE REQUIREMENTS OF 26 U.S.C. § 7603(a)

Petitioners argue that the summonses are in violation of 26 U.S.C. § 7603(a) in that they were not attested. See Petitioners Petition at Page 2, Paragraph 13. Although Petitioners correctly state that under 26 U.S.C. § 7603(a) an attested copy of the summons must be served, Petitioners misread the statute since Agent Bennett in his official capacity and with the full authority to do so, did sign the documents and attested to their authenticity and accuracy. See Bennett Declaration Page 2, Paragraph 6.

In addition, the courts have also held that when an investigating agent's declaration filed with the government's petition expressly states that he personally served an attested copy of the summonses, the requirements of 26 U.S.C. § 7603(a) have been met. **United States v. Bodwell**, 15 F.3d 1090 (9th Cir. 1994). Moreover, the court has held that copies served on taxpayers of summonses sent to third party record-keepers did not have to be attested. **Fortney v. United States**, 59 F.3d 117 (9th Cir. 1995).

## III

### IRS SUMMONSES ARE NOT REQUIRED TO MEET 12 U.S.C. §§ 3403, 3405

Petitioners allege that the confidentiality of the financial documents prohibits the IRS from issuing a summons for the documents. See Petitioner's Petition Page 2, Paragraph 14. The Right to Financial Privacy Act, 12 U.S.C. §§ 3401-22, does not prohibit the IRS from summoning the taxpayers' financial records. **Cermack**, 116 F.3d at 1482. Nor does the Act, as outlined in 12 U.S.C. § 3413(c) prohibit the disclosure of financial records to the IRS under Title 26 of the United States Code. *Id.*

For the foregoing reasons, the court should find that the Petitioners' arguments are frivolous and deny their petition to quash the IRS Summonses. Furthermore, the Court should order the enforcement of the summonses for the reasons stated below.

**Puma v. United States, et al.,**
**Case No. C-08-80038-VRW**
Notice of Hearing and US Motion
to Enforce Summonses                3

## IV

## SUMMONS ENFORCEMENT PROCEEDINGS IN GENERAL AND THE POWELL REQUIREMENTS

Our tax system is based on a system of self-reporting; basically, the "Government depends upon the good faith and integrity of each potential taxpayer to disclose honestly all information relevant to tax liability." **United States v. Bisceglia**, 420 U.S. 141 (1975). "Nonetheless, it would be naive to ignore the reality that some persons attempt to outwit the system, and tax evaders are not readily identifiable". Id. Congress has provided for such possibilities.

26 U.S.C. § 7601(a) of the Internal Revenue Code provides that the Secretary shall "cause officers or employees of the Treasury Department to proceed...through each internal revenue district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax..." 26 U.S.C. § 7602(a)(1), authorizes the Secretary of Treasury to examine any books, records, papers, or other data which may be relevant or material in ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for an internal revenue tax. 26 U.S.C. § 7602(a)(2), authorizes the Secretary of Treasury to issue summonses to compel persons in possession of such books, papers, records, or other data to produce such for examination.

An Internal Revenue Service summons is issued administratively, "but its enforcement is only by federal court authority in an `adversary proceeding' affording the opportunity for challenge and `complete protection of the witness.'" **United States v. Church of Scientology of California**, 520 F.2d 818, 821 (9th Cir. 1975); **Donaldson v. United States**, 400 U.S. 517 (1971).

When seeking the enforcement of a summons the United States must show:  (1)  that there is a legitimate purpose for the investigation; (2)  that the material sought is relevant to that purpose; (3)  that the material sought is not already within the IRS' possession; and (4)  that those

//

**Puma v. United States, et al.,**
**Case No. C-08-80038-VRW**
Notice of Hearing and US Motion
to Enforce Summonses                          4

1  administrative steps which are required by the Internal Revenue Code have been taken.  **United**
2  **States v. LaSalle National Bank**, 400 U.S. at 298 (1978); **United States v. Powell**, 379 U.S. 48,
3  57-58 (1964).
4      "The government may establish its prima facie case by a declaration of an agent involved
5  in the investigation averring the **Powell** good faith elements".  **Alphin v. United States**, 809 F.2d
6  236, 238 (4th Cir. 1987), **cert. denied**, 480 U.S. 935 (1987).  **Accord**, **Hintze v. Internal**
7  **Revenue Service**, 879 F.2d 121, 126 (4th Cir. 1989); **United States v. Samuels, Kramer and**
8  **Co.**, 712 F.2d 1342, 1344-5 (9th Cir. 1983); **United States v. Will**, 671 F.2d 963, 966 (6th Cir.
9  1982); **United States v. Moon**, 616 F.2d 1043, 1046 (8th Cir. 1980); (3d Cir. 1984); **United**
10 **States v. Garden State National Bank**, 607 F.2d 61, 70-71 (3d Cir. 1979).  In the instant case
11 the Government has established its prima facie case through the Declaration of Revenue Officer
12 Bennett.  See Bennett Declaration Page 2, Paragraphs 9-13.
13     Once this showing has been made, the party challenging the summons bears the heavy
14 burden of proving that enforcement of the summons would be an abuse of the court's process.
15 **Powell**, **supra**, at 58; **LaSalle National Bank**, **supra**, at 316; **Hintze**, **supra**, at 126; **Alphin**,
16 **supra**, at 238; **Morgan**, 761 F.2d 1009, 1012 (4th Cir. 1985); **Garden State National Bank**,
17 **supra**, at 70-71.  Unless the party challenging the summons can demonstrate that it was issued
18 for an improper purpose, or was otherwise deficient, the Government is entitled to enforcement
19 of the summons.  **LaSalle National Bank**, **supra**, at 316, 318; **Donaldson**, **supra** at 536.

20                                    V

21                   **THE SUMMONSES AT ISSUE**
                   **MEET THE POWELL REQUIREMENTS**
22

23     A.    **Legitimate Purpose**

24     The first **Powell** requirement is that the summons be issued for a legitimate purpose.
25 **Powell**, **supra,** at 57 (1964).

26     In the present case, each summons was issued for a legitimate purpose, to ascertain

27

28 **Puma v. United States, et al.,**
   **Case No. C-08-80038-VRW**
   Notice of Hearing and US Motion
   to Enforce Summonses                        5

1  whether or not Petitioners have assets, including real property, in order to ascertain the true
2  federal tax liabilities of Petitioner's. See Bennett Declaration Page 1, Paragraphs 2, 13.

### B. Relevance

The second **Powell** requirement is that the "material sought be relevant to the purpose of the investigation." **Powell**, **supra** at 57. 26 U.S.C. § 7602(a)(1), authorizes the Secretary to summons the records of any person "which may be relevant or material to the investigation."  It is well settled that the United States, to satisfy the relevancy requirement set forth in **Powell**, need only show that the summoned information "[might] throw light upon the correctness of the taxpayer's return." **United States v. Zolin**, 809 F.2d 1411, 1414 (9th Cir. 1987), aff'd in part and vac'd in part on other grounds, 109 S. Ct 2619 (1989); **United States v. Goldman**, 637 F. 2d 664, 667 (9th Cir. 1980); **United States v. Ryan**, 455 F.2d. 728, 733 (9th Cir. 1972).  The agents of the IRS cannot and need not guarantee that everything they wish to see will be relevant or material to their inquiries. **United States v. Acker**, 325 F. Supp. 857, 862 (S.D.N.Y. 1971).

The accompanying Declaration of Revenue Officer Bennett establishes that there is the requisite nexus between the taxpayer and the requested records which will disclose assets to ascertain the true federal tax liabilities for the Petitioners. See Bennett Declaration Page 2, Paragraph 9.

### C. Availability of Information

The third **Powell** requirement is that the "information sought is not already within the Commissioner's possession." **Powell**, **supra**, at 58.  Revenue Officer Bennett's declaration states that the information sought was not within the possession of the Internal Revenue Service when the summonses were issued.  See Bennett Declaration Page 2, Paragraph 11.

However, neither Agent Bennett nor the IRS possessed any of the summonsed documents but sometime after the summonses were issued they received statements from U.S. Bank and Washington Mutual. These statements were received unopened and placed in a secure cabinet pending the outcome of this matter. See Bennett Declaration Page 2, Paragraph 11.

**Puma v. United States, et al.,**
Case No. C-08-80038-VRW
Notice of Hearing and US Motion
to Enforce Summonses                6

**D.    Administrative Steps**

The fourth **Powell** requirement is that the "administrative steps required by the Code have been followed." **Powell**, **supra**, at 58. Revenue Officer Bennett's declaration states that the administrative steps required by the Code have been followed. See Bennett Declaration Page 2, Paragraph 10.

Once the United States has submitted the sworn statement of the examining officer that the summons was issued for a legitimate purpose, [t]he burden of showing an abuse of the court's process is on the taxpayer. . ." **Powell**, 379 U.S. at 58. See also, **Abrahams**, 905 F.2d 1276, 1280 (9th Cir. 1990).

Because the **Powell** requirements have been met with respect to subject summonses, and there is no legitimate defense to the enforcement otherwise, this court should deny the petition to quash and summarily enforce the summonses directing the financial institutions to comply with the summons as directed therein.

**CONCLUSION**

For the forgoing reasons, this Court should deny the petition to quash and order enforcement of the summonses.

JOSEPH P. RUSSONIELLO
United States Attorney


/s/ Cynthia Stier
CYNTHIA STIER
Assistant United States Attorney
Tax Division

**Puma v. United States, et al.,**
**Case No. C-08-80038-VRW**
Notice of Hearing and US Motion
to Enforce Summonses                7

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Tax Division
   9th Floor Federal Building
   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7017

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DINO AND JENNIFER PUMA, ) <br> ) <br> PETITIONER, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> RESPONDENTS. ) <br> ) | No. C-08-MC-80038-VRW <br><br> DECLARATION OF JEFFREY BENNETT IN SUPPORT OF THE UNITED STATES' OPPOSITION TO PETITION TO QUASH SUMMONS AND TO ENFORCE SUMMONS |

**DECLARATION**

I, Jeffrey Bennett, declare:

1.    I am a duly commissioned Revenue Officer employed at the Internal Revenue Service in Sacramento, California.

2.    In my capacity as a Revenue Officer, I am conducting an investigation into unfiled tax returns of Dino Puma ("Petitioner") for calendar years ending December 31, 2004, December 31, 2005, and December 31, 2006 and Jennifer Jones a.k.a. Jennifer Puma ("Petitioners") for calendar years ending December 31, 2004, December 31, 2004, December 31, 2005, and December 31, 2006.

3.    In furtherance of the above investigation and in accordance with 26 U.S.C. § 7602, I issued on February 26, 2008, an Internal Revenue Service summons to Bank of America, to produce for examination bank statements of Jennifer A. Jones, a.k.a. Jennifer Puma, as described in said summons. The summons is attached to the petition as Exhibit 1.

4. In furtherance of the above investigation and in accordance with 26 U.S.C. § 7602, I issued on February 26, 2008, Internal Revenue Service summonses to U.S. Bank, Washington Mutual Bank, and Umpqua Bank to produce for examination bank statements, loan applications, agreements, and related records (including corporate financial statements), submitted by, entered into by, or in effect regarding Dino Puma as described in said summonses. The summonses are attached to the petition as Exhibits 2, 3, and 4.

5. In accordance with 26 U.S.C. § 7603, on February 28, 2008, I served attested copies of Internal Revenue Service summonses described in paragraphs 3 and 4 above on the respondents, Bank of America and U.S. Bank, via certified mail as evidenced in the certificate of service on the reverse side of the each summons.

6. In accordance with 26 U.S.C. § 7603, on February 28, 2008, I served an attested copy of the Internal Revenue Service summons described in paragraph 4 above on the respondent, Washington Mutual Bank, by personal delivery to Morgan Steel Operations Supervisor, as evidenced in the certificate of service notice on the reverse side of the summons.

7. In accordance with 26 U.S.C. § 7603, on February 28, 2008, I served an attested copy of the Internal Revenue Service summons described in paragraph 4 above on the respondent, Umpqua Bank, by personal delivery to Tyler Duncan of Universal Associates, as evidenced in the certificate of service notice on the reverse side of the summons.

8. On February 28, 2008, I served the notice required by 26 U.S.C. § 7609, on Dino and Jennifer Puma, by leaving the notices at the last and usual place of abode of the noticees', as evidenced in the certificate of service of notice on the reverse side of the summonses.

9. The records sought are needed for the Internal Revenue Service to make Individual Tax assessments for Dino Puma for tax years ending 2004, 2005, and 2006 and for Jennifer Jones a.k.a. Jennifer Puma for 2003, 2004, 2005, and 2006.

10. All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken.

11. The records sought in the summonses were not in the possession of the IRS at the time the request was issued by me. Since that time, the IRS has received the summonsed documents from U.S. Bank and Washington Mutual Bank, respectively, but the documents have been placed

Bennett Declaration (No. C-08-MC-80038-VRW)        2

1 in a locked cabinet without review until this matter is resolved.

2 12. Umpqua Bank and Bank of America have informed me that it will provide the requested
3 documents when this matter is resolved.

4 13. It is necessary to examine the bank statements, loan applications, agreements, and related
5 records (including corporate financial statements), sought by the summonses in order to properly
6 investigate the federal tax liabilities of Dino and Jennifer Puma for the 2003, 2004 and 2005 tax
7 years.

8 14. There has been no referral to the Department of Justice of the tax investigation being
9 conducted by the IRS.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27 day of June, 2008

Jeffrey Bennett
Revenue Officer

Bennett Declaration (No. C-08-MC-80038-VRW)      3